**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Urban Intelligence Inc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No.: 23-cv-1789-RPK-PK |
| | ) |
| Spring Scaffolding LLC, | ) **ORAL ARGUMENT REQUESTED** |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SANCTIONS**

i

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. BACKGROUND ............................................................................................................ 1

III. STANDARD OF REVIEW ............................................................................................ 2

IV. SANCTIONS ARE WARRANTED HERE FOR FAILING TO CONDUCT AN
    ADEQUATE PRE-SUIT INVESTIGATION ................................................................. 3

   A. The '412 Patent is Invalid .......................................................................................... 4

   B. The Prior Art Precludes Any Infringement Under *Egyptian Goddess* ..................... 7

   C. Plaintiff's Inequitable Conduct .................................................................................. 8

   D. Plaintiff's Conduct Warrants an Award of Sanctions ................................................ 9

   E. Defendant Should be Granted Leave to Submit Billing Records ............................ 11

V. CONCLUSION ............................................................................................................. 11

## TABLE OF AUTHORITIES

Page(s)

Cases

*Am. Hoist & Derrick Co. v. Sowa & Sons, Inc.*,
  725 F.2d 1350 (Fed. Cir. 1984) ............................................................................................... 4

*Caisse Nationale de Credit Agricole-CNCA, New York Branch v. Valcorp., Inc*,
  28 F.3d 259 (2d Cir. 1994) ...................................................................................................... 3

*Commil USA, LLC v. Cisco Sys., Inc.*,
  720 F.3d 1361 (Fed. Cir. 2013) ............................................................................................... 8

*Cooter & Gell v. Hartmarx Corp.*,
  496 U.S. 384 (1990) ................................................................................................................. 9

*Egyptian Goddess, Inc. v. Swisa, Inc.*,
  543 F.3d 665 (Fed. Cir. 2008) ......................................................................................... 4, 5, 7

*Galin v. Hamada*,
  283 F. Supp. 3d 189 (S.D.N.Y. 2017) ............................................................................... 9, 10

*Gutierrez v. Fox*,
  141 F.3d 425 (2d Cir. 1998) .................................................................................................. 10

*Int'l Seaway Trading Corp. v. Walgreens Corp.*,
  589 F.3d 1233 (Fed. Cir. 2009) ............................................................................................... 4

*Int'l Shipping Co., S.A. v. Hydra Offshore, Inc.*,
  875 F.2d 388 (2d Cir. 1989) .................................................................................................... 3

*Judin v. United States*,
  110 F.3d 780 (Fed. Cir. 1997) ............................................................................................... 10

*Lanard Toys Ltd. v. Dolgencorp LLC*,
  958 F.3d 1337 (Fed. Cir. 2020) ....................................................................................... 5, 6, 7

*Lewmar Marine, Inc. v. Barient, Inc.*,
  827 F.2d 744 (Fed. Cir. 1987) ................................................................................................. 4

*Microsoft Corp. v. i4i Ltd. P'ship*,
  564 U.S. 91 (2011) ................................................................................................................... 4

*Miller v. Nicholas*,
  2021 WL 9037639 (E.D.N.Y. Nov. 3, 2021) .......................................................................... 3

*Payless Shoesource, Inc. v. Reebok Int'l Ltd.*,
  998 F.2d 985 (Fed. Cir. 1993) ............................................................................................... 5

*Pfizer, Inc. v. Apotex, Inc.*,
  480 F.3d 1348 (Fed. Cir. 2007) ............................................................................................. 4

*S. Pac. Shipping Co. v. Redi-Fresh Produce Inc.*,
  2014 WL 6968039 (S.D.N.Y. Dec. 9, 2014) .......................................................................... 3

*Schering Corp. v. Geneva Pharm.*,
  339 F.3d 1373 (Fed. Cir. 2003) ............................................................................................. 4

*Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*,
  682 F.3d 170 (2d Cir. 2012) .................................................................................................. 9

*Weinraub v. Glen Rauch Sec., Inc.*,
  419 F. Supp. 2d 507 (S.D.N.Y. 2005) ................................................................................. 10

Statutes

35 U.S.C. § 102 .................................................................................................................. *passim*

35 U.S.C. § 282 ............................................................................................................................ 4

Rules

Fed. R. Civ. P. 11 ............................................................................................................... *passim*

I. INTRODUCTION

Defendant Spring Scaffolding LLC ("Defendant") brings this Motion under FED. R. CIV. P. 11 against Plaintiff Urban Intelligence, Inc. ("Plaintiff") for attorneys' fees resulting from Plaintiff's violation of FED. R. CIV. P. 11 in filing the First Amended Complaint [ECF No. 18] ("FAC") without conducting an adequate pre-suit investigation into the validity of the facts underlying the design patent infringement cause of action contained therein.

II. BACKGROUND

Defendant is a New York corporation that designs, manufactures, sells, rents out, and installs sidewalk sheds and scaffolding for its customers. Plaintiff is a Delaware corporation that is also in the sidewalk shed and scaffolding business in competition with Defendant. FAC ¶¶ 2,9. Plaintiff initiated this action on March 8. 2023. ECF No. 1. After Defendant filed a pre-motion letter to dismiss the complaint, Plaintiff amended its complaint. ECF No. 18. Defendant subsequently served a letter on Plaintiff's counsel David J. Pfeffer, Amy B. Goldsmith, Mark J. Rosenberg, and Matthew S. De La Torre of Tarter Krinsky & Drogin LLP (collectively "Plaintiff's Counsel"), in accordance with Rule 11, informing Plaintiff's Counsel of their failure to conduct an adequate pre-suit investigation. Declaration of Serge Krimnus ("Krimnus Decl.") Ex. A (the "Notice Letter"). Following the Notice Letter, Plaintiff's Counsel and Defendant's Counsel met and conferred regarding Plaintiff's violation of FED. R. CIV. P. 11. That same day, Defendant's Counsel sent an email to Plaintiff's Counsel, summarizing the contents of the meet and confer and making a written request that Plaintiff identify any facts that support their contention that they have not violated FED. R. CIV. P. 11. Krimnus Decl. Ex. B. On August 2, 2023, Defendant again contacted Plaintiff seeking their consent to file this motion for sanctions. Krimnus Decl. Ex. C.

Despite multiple notices of their violation of Fed. R. Civ. P. 11, Plaintiff maintained its

frivolous claim of design patent infringement it knew to be invalid based on Plaintiff's failure to file the design patent within the time prescribed by 35 U.S.C. § 102. For nearly a month, from July 11, 2023 through the date of the instant motion, Defendant repeatedly advised Plaintiff's Counsel of this critical defect and requested that Plaintiff withdraw or amend its claim of design patent infringement. Krimnus Decl. Exs. A-C. Rather than amending the FAC to address the meritless claim, or even by explaining the differences between the asserted patent and the prior art, Plaintiff continued litigating its claim of infringement of U.S. Patent No. D958,412 (the "'412 Patent"), thereby causing Defendant to incur unnecessary costs to defend against this claim.

On August 11, 2023, counsel for Plaintiff informed Defendant's counsel that Plaintiff intends to withdraw its claim for design patent infringement, Krimnus Decl. ¶ 7, effectively conceding that the design patent infringement claim was frivolous from the start. Plaintiff's notice of its intent to withdraw its frivolous claim comes well past the 21 day "safe harbor" period provided by Rule 11(c)(2). Further, this notice comes **on the day** that the parties' were to exchange the claim terms to be construed and also the day Plaintiff's infringement contentions were due. Krimnus Decl. ¶ 6. Plaintiff's notice also comes after Defendant was forced to brief a motion to dismiss that claim, and after Defendant had prepared the instant motion. Plaintiff ignored Defendant's warnings for weeks. Needless to say, even assuming Plaintiff withdraws its frivolous claim for design patent infringement in the near future, Defendant was forced to spend substantial time and resources related to the claim and Plaintiff should be held to account.

### III.   STANDARD OF REVIEW

Rule 11 of the Federal Rules of Civil Procedure requires an attorney filing a pleading to "certif[y] that to the best of the person's knowledge, information, and belief, **formed after an inquiry reasonable under the circumstances**," the claims are "not being presented for any

2

improper purpose, such as to harass." FED. R. CIV. P. 11(b)(1), (2) (emphasis added). Thus, Rule 11 is violated when a pleading has been filed for any improper purpose or has been signed "without a belief formed from a reasonable inquiry" that the argument is at least non-frivolous. *Caisse Nationale de Credit Agricole-CNCA, New York Branch v. Valcorp., Inc,*, 28 F.3d 259, 264 (2d Cir. 1994). In considering a motion for sanctions under Rule 11, courts apply an "objective standard of reasonableness." *Miller v. Nicholas*, 20-CV-5230 (WFK)(SJB), 2021 WL 9037639, at *3 (E.D.N.Y. Nov. 3, 2021).

An improper purpose motivating the filing of a claim may be inferred from an utter lack of merit in that claim. *See S. Pac. Shipping Co. v. Redi-Fresh Produce Inc.*, No. 14 Civ. 4157(LAK)(AJP), 2014 WL 6968039, at *10 (S.D.N.Y. Dec. 9, 2014) (citing cases). Once a court finds that Rule 11 has been violated, it "may impose an appropriate sanction," including payment of "part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." FED. R. CIV. P. 11(c). Courts may "award that portion of a defendant's attorney's fees thought reasonable to serve the sanctioning purpose of the Rule." *Int'l Shipping Co., S.A. v. Hydra Offshore, Inc.*, 875 F.2d 388, 392 (2d Cir. 1989).

### IV.    SANCTIONS ARE WARRANTED HERE FOR FAILING TO CONDUCT AN ADEQUATE PRE-SUIT INVESTIGATION

The '412 Patent is invalid as anticipated due to Plaintiff's own prior art. Accordingly, Plaintiff's claim for design patent infringement is frivolous. Assuming, *arguendo*, that the '412 Patent contains any distinguishing features over the prior art—which it does not—the '412 Patent is still not infringed. Plaintiff's maintenance of unsupported claims has led to unnecessary expenditure of time and resources by Defendant and, therefore, this Court should exercise its discretion and sanction Plaintiff by awarding Defendant its attorneys' fees.

A.     The '412 Patent is Invalid

It is well settled that the publication, sale, or use of a patented invention which occurs more than one year before the filing date of a patent is considered prior art. *See generally* 35 U.S.C. § 102. "A patent is invalid for anticipation if a single prior art reference discloses each and every limitation of the claimed invention." *Schering Corp. v. Geneva Pharm.*, 339 F.3d 1373, 1377 (Fed. Cir. 2003) (citing *Lewmar Marine, Inc. v. Barient, Inc.*, 827 F.2d 744, 747 (Fed. Cir. 1987)).

Although an issued patent is presumed valid under 35 U.S.C. § 282, a patent challenger may prove invalidity by clear and convincing evidence. *See Pfizer, Inc. v. Apotex, Inc.,* 480 F.3d 1348, 1359 (Fed. Cir. 2007). If the prior art reference supporting the invalidity defense is new (*e.g.*, it was not before the United States Patent and Trademark Office ("USPTO") during the prosecution of the challenged patent), it "'carr[ies] more weight' in an infringement action than evidence previously considered by the [US]PTO." *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 110 (2011) (citing *Am. Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1360 (Fed. Cir. 1984)). This is because the court, now considering the new prior art, "is not faced with having to disagree with the PTO or with deferring to its judgment or with taking its expertise into account." *Id*. at 111 (internal citations omitted).

The standard for anticipation of design patents is "whether an ordinary observer familiar with the prior art" would be deceived into believing that the design in question was the same as a prior art reference. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678, 682 (Fed. Cir. 2008) (en banc); *Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1240 (Fed. Cir. 2009) (holding ordinary observer test is "the sole test for anticipation" and abrogating the "point of novelty" test).

To determine whether a design patent is infringed, courts apply the "ordinary observer" test as set forth in *Egyptian Goddess*:

4

> [T]he ordinary observer is deemed to view the differences between the patented design and the accused product in the context of the prior art. When the differences between the claimed and accused design are viewed **in light of the prior art**, the attention of the hypothetical ordinary observer will be drawn to those aspects of the claimed design **that differ from the prior art. And when the claimed design is close to the prior art designs, small differences between the accused design and the claimed design are likely to be important to the eye of the hypothetical ordinary observer.**

*Lanard Toys Ltd. v. Dolgencorp LLC*, 958 F.3d 1337, 1344 (Fed. Cir. 2020) (emphases added) (citing *Egyptian Goddess,* 543 F.3d at 676). Moreover, *Egyptian Goddess* requires that the ordinary observer test must be applied in view of the prior art. 543 F.3d at 676. Indeed, "[t]o the extent that the [claimed design] embodies features that are not claimed in its [design patent], features that are purely functional, or features that are in the prior art, **those features are not themselves entitled to patent protection**." *Id*. at 1344-45 (emphasis added) (citing *Payless Shoesource, Inc. v. Reebok Int'l Ltd.*, 998 F.2d 985, 990 (Fed. Cir. 1993) ("In addition, the accused device must appropriate the novelty in the patented device which distinguishes it from the prior art.") (internal quotation omitted)).

The '412 Patent is invalid because of the existence of prior art which anticipates the '412 Patent. As demonstrated herein, Google Maps images of the sidewalk shed constructed at 434 Broadway, New York, New York 10013 (the "434 Broadway Shed") establishes that the design of the '412 Patent was in public use more than one year before the filing date of the '412 Patent. Request for Judicial Notice ("RJN") Exs. A-C. Similarly, the Key Plan and Site Plan for the 434 Broadway Shed, which was publicly filed by Plaintiff with the New York Department of Buildings ("DOB") on May 22, 2019, also anticipates the '412 Patent. RJN Ex. D (the "434 Broadway Application" and, collectively with RJN Exs. A-C, the "Prior Art"). Because Plaintiff disclosed the prior art as early as May 22, 2019, it knew or should have known that the '412 Patent is invalid and cannot be the basis of an infringement claim. RJN Exs. C, D (showing Plaintiff's name on the

5

434 Broadway Shed and Plaintiff's name on the Permit Application for the 434 Broadway Shed). In filing the 434 Broadway Application, Plaintiff publicly disclosed the anticipated design of the 434 Broadway Shed, including the braces to be used that are identical to the '412 Patent. RJN Ex. D. Each of the foregoing pieces of prior art discloses every limitation of the '412 Patent, and any one of them is independently sufficient to render the '412 Patent invalid under 35 U.S.C. § 102. *Lanard*, 958 F.3d at 1344.

The Prior Art and the '412 Patent are identical as shown the comparison below, where a representative figure from the '412 Patent is shown in the left column, and a photo of the 434 Broadway Shed is shown in the right column:



| '412 Patent | 434 Broadway Shed |

As demonstrated above, the design disclosed in the '412 Patent and the design utilized in the 434 Broadway Shed **are identical**. The image above was captured at 434 Broadway in June 2019, RJN Ex. B, and the filing date of the '412 Patent is November 30, 2020. ECF 22-1 at 2.

6

Thus, any publication, use, sale, or other public disclosure on or before November 29, 2019 falls outside the one-year grace period provided by 35 U.S.C. § 102(b)(1) and is therefore prior art to the '412 Patent. For these reasons, the 434 Broadway Shed anticipates the '412 Patent under 35 U.S.C. § 102 and the '412 Patent is therefore invalid as anticipated. Indeed, Defendant put Plaintiff on notice of the issues discussed above, including showing Plaintiff the 434 Broadway Shed. Yet Plaintiff failed to amend or otherwise correct the FAC to cure the frivolous claim.[1]

### B. The Prior Art Precludes Any Infringement Under *Egyptian Goddess*

Even if the 434 Broadway Shed does not invalidate the '412 Patent, there is no infringement of the '412 Patent in this case. As discussed in Section IV(A), *supra*, courts apply the "ordinary observer" test set forth in *Egyptian Goddess* to determine whether a design patent is infringed. *Lanard*, 958 F.3d at 1344 (citing *Egyptian Goddess,* 543 F.3d at 676).

Here, the Prior Art is Plaintiff's own product, disclosed to the public in May of 2019, RJN Ex. D, and in public use at least in June 2019, RJN Exs. A-C, each of which are prior to the one year grace period in 35 U.S.C. § 102(b)(1). Indeed, Plaintiff filed its application for the '412 Patent on November 30, 2020, ECF 22-1 at 2. As shown in the figure above, the '412 Patent is **comprised exclusively of features that were disclosed by the 434 Broadway Shed**. *See* RJN Ex. B. Thus, to the extent there are any distinguishing features between the Prior Art and the '412 Patent— which there are not—these features are minutiae, which precludes any infringement of the '412 Patent under the ordinary observer test. Accordingly, Plaintiff's claim of design patent infringement is frivolous.

Once again, as it did regarding the invalidity of the '412 Patent, Defendant notified Plaintiff numerous times that the '412 Patent is comprised exclusively of features found in the 434

---

[1] As noted above, on August 11, 2023, Plaintiff informed Defendant that it intends to withdraw its frivolous patent infringement claim. Krimnus Decl. ¶ 7.

7

Broadway Shed. While Plaintiff has come to reach this conclusion, it did so only after Defendant spent substantial time and resources relating to that claim.

### C. Plaintiff's Inequitable Conduct

As demonstrated in Sections IV(A) and (B), *supra*, the '412 Patent is clearly invalid in view of the Prior Art. It is well-settled that an invalid patent cannot be infringed. *See Commil USA, LLC v. Cisco Sys., Inc.,* 720 F.3d 1361, 1368 (Fed. Cir. 2013), *vacated in part on other grounds,* 135 S. Ct. 1920 (2015). Plaintiff's infringement claim related to the '412 Patent is therefore objectively unreasonable, frivolous, and not warranted. Moreover, considering that the Prior Art is Plaintiff's own product, Plaintiff either knew that the '412 Patent was invalid in view of the Prior Art when it filed the FAC or Plaintiff failed to conduct an adequate investigation as required under Rule 11(b)(2).

Plaintiff has continued to maintain its frivolous claim despite Spring Scaffolding repeatedly advising Plaintiff that the Prior Art invalidates the '412 Patent. Indeed, Spring Scaffolding sent the Notice Letter expressly advising Plaintiff of the invalidity of the '412 Patent on July 11, 2023. Krimnus Decl. Ex. A. The Notice Letter also advised Plaintiff of Spring Scaffolding's intent to file a motion for sanctions under FED. R. CIV. P. 11, giving Plaintiff an opportunity to withdraw or correct the FAC. *See* FED. R. CIV. P. 11(c)(2).

Defendant then gave Plaintiff **two more opportunities** to rectify its violation of Rule 11 without bringing the issue to the Court. First, on July 17, 2023, the parties met and conferred to discuss Plaintiff's frivolous infringement allegation regarding the '412 Patent. At the conference, counsel for Spring Scaffolding requested that Plaintiff's Counsel identify *any* differences between the design of the '412 Patent and the design of the 434 Broadway Shed. Krimnus Decl. Ex. B. Plaintiff's Counsel declined to point out any distinguishing features and instead offered a blanket conclusory statement that they were somehow different. *Id*. Following the July 17, 2023

8

conference, Spring Scaffolding followed up with Plaintiff via email, again requesting that Plaintiff identify any differences between the prior art reflected in RJN Exhibit B and the '412 Patent. *Id*. Plaintiff responded to Spring Scaffolding on July 24, 2023, but again failed to point out any features that distinguish the '412 Patent from the 434 Broadway Shed. *Id*.

On August 1, 2023, the 21-day safe harbor period for Plaintiff to correct or withdraw its baseless infringement claim expired. *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 176 (2d Cir. 2012) (citing FED. R. CIV. P. 11(c)(2)). To date, Plaintiff has yet to provide a single explanation as to how the '412 Patent is valid or why Defendant's sidewalk shed infringes the patent in light of the Prior Art.

Plaintiff's refusal to address Spring Scaffolding's multiple attempts to identify any differences that would give merit to its claim of design patent infringement has resulted in an unnecessary waste of time and resources by both Defendant and the Court. Once again, Plaintiff either knew that the '412 Patent was invalid, or it failed to conduct an adequate pre-suit investigation into the facts underlying its assertions. In either case, Plaintiff's filing of and maintaining this claim is frivolous and, as discussed below, warrants the imposition of sanctions on Plaintiff. Indeed, Plaintiff effectively conceded this point on August 11, 2023, when it informed Defendant that it intends to withdraw the design patent infringement claim. Krimnus Decl. ¶ 7.

### D. Plaintiff's Conduct Warrants an Award of Sanctions

The Supreme Court has held that "the central purpose of Rule 11 is to deter baseless filings in district court and thus, consistent with the Rules Enabling Act's grant of authority, streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393 (1990) (citation omitted). Moreover, Rule 11 "imposes an 'affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed.'" *Galin*

9

*v. Hamada*, 283 F. Supp. 3d 189, 201 (S.D.N.Y. 2017), *aff'd*, 753 F. App'x 3 (2d Cir. 2018) (quoting *Gutierrez v. Fox*, 141 F.3d 425, 427 (2d Cir. 1998)).

Federal Courts have consistently found that a party violates Rule 11 when it fails to conduct an adequate investigation into the facts of a litigation before filing a complaint. *See Judin v. United States*, 110 F.3d 780, 785 (Fed. Cir. 1997) (remanding the case for failure to impose sanctions on an attorney who observed an allegedly infringing device in use but failed to adequately investigate claims before bringing suit); *see also Weinraub v. Glen Rauch Sec., Inc.*, 419 F. Supp. 2d 507, 519 (S.D.N.Y. 2005) (awarding full amount of attorneys' fees as a sanction for filing a complaint with frivolous claims for relief). In addition, pursuant to FED. R. CIV. P. 11(c)(2), the Court may award "the reasonable expenses, including attorney's fees, incurred for [a] motion [filed pursuant to Rule 11(c)(2)]."

Plaintiff has burdened both Defendant and the Court with a frivolous claim of design patent infringement, resulting in the unnecessary expenditure of time and resources for defending the claim. Plaintiff was given numerous opportunities to withdraw or correct its frivolous claim but did not do so. Krimnus Decl. Exs. A-C. To deter it from bringing such frivolous claims in the future, Plaintiff should be sanctioned for the costs resulting from Spring Scaffolding having to defend this groundless claim, including attorneys' fees for conducting a meet and confer on the issue, sending the Notice Letter, the correspondence in multiple attempts to determine any factual basis for Plaintiff's claim of patent infringement, and forcing Defendant to file the instant motion. Accordingly, this Court should exercise its discretion and require Plaintiff to reimburse Defendant for its reasonable attorneys' fees. *See Galin*, 283 F. Supp. 3d at 204.

E.   **Defendant Should be Granted Leave to Submit Billing Records**

Should the Court agree that attorneys' fees are an appropriate sanction to be imposed on Plaintiff for its violation of Rule 11, Defendant respectfully requests leave to submit evidence in support of the reasonableness of the requested legal fees and attach time and billing records.

V.   **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Attorneys' Fees under FED. R. CIV. P. 11 should be granted.

Date:  August 11, 2023					Respectfully submitted,

/s/ Serge Krimnus
Serge Krimnus, Esq.
Andrew Bochner, Esq.
**Bochner PLLC**
1040 Avenue of the Americas, 15th Floor
New York, New York 10018
*Attorneys for Defendant*